**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-2266
_____

NEGUS NYERERE FORRESTER,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A44-843-542)
Immigration Judge:  Honorable Walter A. Durling
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 6, 2010

Before:  FUENTES, GREENAWAY, JR., AND NYGAARD, Circuit Judges

(filed: December 8, 2010 )
_____

OPINION
_____

PER CURIAM

Negus Nyerere Forrester is a native and citizen of Jamaica who was admitted to

the United States on November 1, 1994, when he was 17 years old, as a lawful permanent

resident.  He came to Connecticut to live with his father, who had become a naturalized

citizen on August 13, 1993, R. 15. At the time of his naturalization, Forrester's father was living apart from Forrester's mother, who remained in Jamaica. Forrester's parents had married in 1991. R. 19. Forrester's father filed for divorce in Connecticut on January 6, 1995, based on the irretrievable breakdown of his marriage. R. 24. The divorce became final on January 19, 1996. R. 19.

In March 2008, in the U.S. District Court for the District of Connecticut, Forrester was convicted of conspiracy to possess, with intent to distribute, 50 grams or more of cocaine base. While Forrester was in custody, the Department of Homeland Security ("DHS") notified him that DHS was investigating whether he was subject to removal from the United States. Claiming derivative citizenship from his father, Forrester subsequently applied for a certificate of citizenship from the United States Citizenship and Immigration Services ("CIS"). CIS denied the application, and DHS subsequently charged Forrester as removable for having been convicted of aggravated felonies and for having been convicted of a controlled substance offense.

Before an Immigration Judge ("IJ"), Forrester admitted the criminal conviction on which the charges of removability were based, but he denied that he was a citizen of Jamaica and a removable alien. He contended that he was a citizen of the United States. The IJ considered CIS's ruling and concluded that he could find no reason to depart from CIS's decision that Forrester could not establish derivative citizenship because he could not prove that his parents had legally separated before his father became a naturalized citizen. In his interlocutory order, the IJ permitted Forrester to submit any additional evidence he had to show a legal separation before the naturalization (and noted also that

2

the separation had "to coincide with the date" of Forrester's admission into the United States).  Ultimately, after taking additional evidence and holding a hearing, the IJ ordered Forrester removed to Jamaica based on the charges lodged by DHS.  Regarding Forrester's citizenship claim, the IJ incorporated his interlocutory order and iterated that Forrester could not establish derivative citizenship because he had not shown that a legal separation of his parents preceded his father's naturalization.  Forrester appealed the decision to the Board of Immigration Appeals, which affirmed the IJ's decision without opinion.  Forrester presents a petition for review.

Because Forrester is removable by virtue of having committed a controlled substance offense that is also an aggravated felony, our jurisdiction over his petition is circumscribed.  See 8 U.S.C. § 1252(a)(2)(C).  We have jurisdiction only over questions of law and constitutional claims raised in the petition.  See 8 U.S.C. § 1252(a)(2)(D); Jarbough v. Attorney Gen. of the United States, 483 F.3d 184, 188 n.3 (3d Cir. 2007).  The issue of derivative citizenship, the only question Forrester raises (any other questions having been waived, see FDIC v. Deglau, 207 F. 3d 153, 169-70 (3d Cir. 2000)), is a purely legal question of statutory interpretation.  See Morgan v. Attorney Gen. of the United States, 432 F.3d 226, 229 (3d Cir. 2005).  In considering the issue, we must determine whether there is a genuine issue of material fact.  See 8 U.S.C. § 1252(b)(5).  If there is no genuine issue of material fact based on the pleadings and affidavits in the record, we will decide the nationality claim.  See id. at § 1252(b)(5)(A).  If there is a genuine issue of material fact about Forrester's nationality, we must transfer the matter to a district court for a new hearing on the issue.  See id. at § 1252(b)(5)(B).

3

The underlying issue about which both parties insist no genuine issue of material fact exists is the question whether Forrester's parents were legally separated before Forrester's father became a naturalized citizen. (Forrester contends that the evidence establishes that his parents were legally separated; the Government contends that it shows the opposite.)

The issue is relevant because the citizenship question is controlled by the law in effect at the time the critical events giving rise to the citizenship claim occurred, namely, in Forrester's case, former section 8 U.S.C. § 1432(a). See Morgan, 432 F.3d at 230 & n.1. In relevant part, the statute provides:

> A child born outside of the United States of alien parents . . . becomes a citizen of the United States upon fulfillment of the following conditions:
>
> .    .    .
>
> (3)    The naturalization of the parent having legal custody of the child when there has been a legal separation of the parents; and if
>
> (4)    Such naturalization takes place while such a child is under the age of eighteen years; and
>
> (5)    Such child is residing in the United States pursuant to a lawful admission for permanent residence at the time of the naturalization . . . of the parent naturalized under clause . . . (3) of this subsection, or thereafter begins to reside permanently in the United States while under the age of eighteen years.

8 U.S.C. § 1432(a) (repealed by the Child Citizenship Act of 2000).

A legal separation under § 1432(a) "occurs only upon a formal governmental action, such as a decree issued by a court of competent jurisdiction that, under the laws of

4

a state or nation having jurisdiction over the marriage, alters the marital relationship of the parties." See Morgan, 432 F.3d at 234. Although a court need not act for a legal separation to exist, it is the formal action of some competent governmental authority (if not a court, then an administrative agency or other governmental body) that provides the certainty that is important to the administration of the immigration laws. See id. at 234 & n.4.

Although the scope of the federal right of citizenship is a federal question, we defer to the jurisdictions having authority over Forrester's parents' marriage to determine whether they were legally separated at the time of the naturalization. See Morgan, 432 F.3d at 232-33. From the time of Forrester's parents' marriage to the time of their divorce, Jamaican law did not provide for separation by judicial decree. See id. at 233 (explaining that the Matrimonial Causes Act of 1989 (§ 35(1)) abolished the decree of judicial separation in Jamaica); see also Henry v. Quarantillo, 684 F. Supp. 2d 298, 312 (E.D.N.Y. 2010) (noting that Jamaican law did not again allow a decree of judicial separation until 2005). However, under section 5(1) the Matrimonial Causes Act, a decree of dissolution of marriage, available on the sole ground of a marriage having broken down irretrievably, was granted only on the judicial finding that the parties had separated and lived separately for not less than 12 months before filing the petition for the decree. Connecticut law, the law of the other relevant jurisdiction, provides for a decree of dissolution of marriage or a decree of legal separation upon a finding, among other things, that the marriage has broken down irretrievably, or that the parties have lived apart by reason of incompatibility for a continuous period of at least 18 months

5

prior to the service of the complaint. See Conn. Gen. Stat. § 46b-40(c).

Forrester offered no evidence of proceedings in Jamaica that terminated the marriage of his parents (like a dissolution of the marriage that would have indicated a previous separation). He submitted a letter from a lawyer in Jamaica describing his parents as separated at the time his father sponsored his entry into the United States and when he had custody of him. R. 18. However, the lawyer's statement that the parties were separated is not proof of the formal governmental action we required in Morgan. We did not decide in Morgan whether some jurisdictions could consider parties legally separated if they lived apart for a period of time without seeking any governmental imprimatur. See 432 F.3d at 234 n.4. However, we were aware of, and discussed, Jamaica's absence of a judicial process for a legal separation when we noted in that case that we knew of no jurisdiction that had adopted such a policy, see id. at 233 & 234 n.4.

In relation to Connecticut law, Forrester offered up his parents' divorce decree. Although a separation of at least 18 months prior to the filing of a complaint for dissolution of a marriage under Connecticut is a grounds for divorce, the complaint included no allegation of a separation. Instead, the allegation on which the dissolution was based (in the absence of an appearance or opposition from Forrester's mother) was that the marriage had broken down irretrievably. The Connecticut court ruled in 1996, after Forrester's father had become a naturalized citizen. Furthermore, given the basis for the dissolution of the marriage, even if we were to use the 1993 filing date that Forrester listed in his affidavit (instead of the 1995 date in the legal papers), the complaint did not provide evidence of legal separation earlier than at the time the divorce was granted.

6

In short, the only proof of an alteration of the marriage relationship of Forrester's parents is the 1996 divorce decree from the State of Connecticut. The divorce, coming years after the naturalization of Forrester's father, is not proof that Forrester's parents were legally separated when Forrester's father became a naturalized citizen. Accordingly, as there is no proof of legal separation before naturalization, Forrester cannot qualify for derivative citizenship through his father. See Jordon v. Attorney Gen. of the United States, 424 F.3d 320, 330 (3d Cir. 2005) (highlighting and applying a conclusion of Bagot v. Ashcroft, 398 F.3d 252, 257 (3d Cir. 2005), namely that legal separation must occur before naturalization in order to satisfy the requirement of § 1432(a)(3)). We conclude that there is no genuine issue of material fact in the record, and we will deny the petition for review